# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL CASE NO. 1:11cv274

CONNIE SWAFFORD,       )
                             )
            **Plaintiff,**      )
                             )
   **vs.**                      )      **O R D E R**
                             )
**MICHAEL J. ASTRUE,**      )
**Commissioner of Social Security,**   )
                             )
          **Defendant.**     )
_____ )

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412. [Doc. 14]. The Plaintiff represents that the Commissioner does not oppose her fee request.

The Plaintiff seeks an award to her counsel in the amount of $2,686.27 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). The Plaintiff also seeks reimbursement of the $350.00 filing fee from the Treasury Judgment Fund. [Doc. 14].

As noted above, the Commissioner does not contest the Plaintiff's request for fees. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that his position was

substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA. The Court further concludes that the Plaintiff is entitled to reimbursement from the Treasury Judgment Fund of the $350.00 filing fee paid at the commencement of this action.

The Plaintiff requests that the EAJA award be paid directly to her counsel as her assignee. In support of her request, the Plaintiff has submitted a copy of her Fee Contract with counsel, which purports to assign such fees. [Doc. 14-2]. The Court finds that the Commissioner should accept this assignment of the awarded fees by the Plaintiff to her attorney and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's counsel, provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, __ U.S. __, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010).

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act 28 U.S.C. § 2412 [Doc. 14] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Two Thousand Six Hundred and Eight-Six Dollars and Twenty-

Seven Cents ($2,686.27), which sum is in full satisfaction of any and all claims

by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that the Commissioner shall inform

Plaintiff's counsel whether the Plaintiff owes a debt to the Government by

which this fee award may be offset no later than thirty (30) days from entry of

this Order. Within the same time period, the Plaintiff shall provide a valid fee

assignment to the Defendant.

**IT IS FURTHER ORDERED** that in the event that past-due benefits are

awarded on remand, the Plaintiff shall have thirty (30) days after being served

with notice of the past-due benefits award to file for an award of fees pursuant

to the Social Security Act, 42 U.S.C. § 406(b).

**IT IS FURTHER ORDERED** that $350.00 in costs are to be reimbursed

to the Plaintiff from the Treasury Judgment Fund upon certification thereof by

the Office of the United States Attorney to the Department of Treasury.

**IT IS FURTHER ORDERED** that no additional Petition pursuant to 28

U.S.C. § 2412(d) may be filed.

Signed: April 17, 2012

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge

3